UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLIE CABRERA POMALES,<br><br>       Plaintiff,<br><br>  - *against* -<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | 22 Civ. 6009 (AEK)<br><br>**DECISION AND ORDER** |

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

  In August 2018, Plaintiff Millie Cabrera Pomales filed applications for disability insurance benefits and supplemental security income under the Social Security Act. After her claims for benefits were denied, Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of Social Security (the "Commissioner"). ECF No. 1. On September 26, 2023, the Court issued a Decision and Order, granting Plaintiff's motion for judgment on the pleadings, denying the Commissioner's cross-motion for judgment on the pleadings, and remanding the matter for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g). ECF No. 18 ("D&O"). Currently before the Court is the Commissioner's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 22.

  For the reasons that follow, the motion is DENIED.

---

[1] The parties consented to this Court's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) on August 26, 2022. ECF No. 11.

**APPLICABLE LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (cleaned up). "'The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (summary order) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Here, the Commissioner neither identifies an intervening change of controlling law nor cites the availability of new evidence. The Court thus examines the D&O for "the need to correct a clear error or prevent manifest injustice."

**DISCUSSION**

**I.   The Court's Decision**

The Court presumes the parties' familiarity with the D&O and discusses it here only as needed for its analysis of the current motion.

As set forth in the D&O, in finding that Plaintiff was not disabled, the ALJ noted that Plaintiff "had minimal treatment consisting primarily of medication management through her primary care provider, and she declined referrals for psychiatric care." D&O at 8 (administrative record citation omitted). The Court found, however, that the ALJ failed to satisfy his heightened duty to develop the record, in light of Plaintiff's *pro se* status at that time, by failing to obtain all of Plaintiff's mental health treatment records for the relevant time period. The Court noted that

new evidence obtained by Plaintiff's subsequently retained counsel included mental health treatment records and a treating source opinion, and concluded that it was clear that the ALJ "did not have any of Plaintiff's mental health treatment records, or any treating source opinions, before him at any time prior to September 24, 2020, when he issued his decision." *Id.* at 10.

Moreover, as set forth in the D&O, while Plaintiff testified during the administrative hearing about her mental health treatment, the ALJ did not make sufficiently reasonable efforts to obtain records of that treatment. *Id.* at 13-14. Rather, although the ALJ noted that Plaintiff had statements from her psychiatrist from February and March 2020, which indicated that she was receiving treatment for "generalized anxiety disorder, major depressive disorder with recurrent severe psychotic symptoms and insomnia," the ALJ stated that there were "no accompanying examination records . . . and little objective evidence of recurrent severe psychotic symptoms." *Id.* at 15 (administrative record citations omitted).

Based on this record, the Court determined that the ALJ's "cursory dismissal of Plaintiff's mental health treatment focuses on a particular moment in time, and does not provide a complete picture." *Id.* As the Court explained, "the ALJ's RFC determination did not fully consider the scope of the mental health treatment that Plaintiff received during the relevant time period, and in fact was predicated in part on a mistaken understanding of Plaintiff's medical history that resulted from the failure to obtain the necessary records." *Id.* at 15-16.

The Court rejected the Commissioner's argument that when an ALJ cannot obtain a treating source's records, the ALJ necessarily fulfills his or her duty to develop the record by ordering a consultative examination; the Commissioner's argument was problematic in this case, because the consultative examination took place long before Plaintiff received the mental health treatment in question. *Id.* at 16. Nevertheless, the Court did acknowledge that when faced with

3

an ALJ's failure to develop the record, "a remand is not automatically warranted in the absence of a medical source statement from a treating physician—even in cases decided pursuant to the pre-March 27, 2017 treating physician rule—if 'the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity.'" *Id.* at 16 (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33-34 (2d Cir. 2013) (summary order)). Indeed, the Court recognized that "'where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.'" *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (quotation marks omitted) and citing, *inter alia*, *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (summary order) (ALJ had no "further obligation to supplement the record by acquiring a medical source statement from one of the treating physicians" where ALJ "had all of the treatment notes from [the plaintiff's] treating physicians" and where ALJ's RFC assessment was supported by consultative examiner's opinion)).

Here, however, the Court concluded that a remand was necessary because the ALJ did not possess a complete medical history for Plaintiff's mental health treatment, and explained that "the lack of mental health treatment records here, in a case involving a *pro se* litigant who was not advised of the importance of providing such records and opinions from treating sources, is an obvious gap in the administrative record." *Id.* at 17. Moreover, the Court found that in this case, there was a need to obtain and consider treating source information particularly because the ALJ did not find any of the opinion evidence in the record persuasive. *Id.*

4

**II.     The Commissioner's Motion to Alter or Amend the Judgment**

The D&O states that "this matter must be remanded for further administrative proceedings so that the ALJ can decide Plaintiff's claims on a fully developed record, including both the treatment records from Plaintiff's mental health care providers and one or more treating source opinions regarding Plaintiff's mental impairments." *Id.* at 18. The Commissioner does not challenge the Court's decision to remand the matter. Rather, the Commissioner takes issue with the D&O to the extent the Commissioner reads the D&O as requiring on remand that it obtain a treating source opinion regarding Plaintiff's mental impairments. The Commissioner contends that this directive is not consistent with the Commissioner's new regulations governing the evaluation of medical opinion evidence. The Court disagrees.

The Court acknowledges the abrogation of the "treating physician rule" effected by the 2017 revisions to the Social Security regulations regarding medical opinion evidence, but the ALJ's duty to develop the record, "which includes recontacting treating providers when needed to afford the claimant a full and fair hearing based on an adequately developed record," applies to claims governed by the new regulations as well. *Vilma S. Comm'r of Soc. Sec.,* No. 23-cv-25 (GRJ), 2024 WL 1433723, at *2 (S.D.N.Y. Apr. 3, 2024); *see*, *e.g., Miranda L. v. Comm'r of Soc. Sec.,* No. 23-cv-869 (GRJ) 2024 WL 1433725, at *2 (S.D.N.Y. Apr. 3, 2024); *Snoke v. Comm'r of Soc. Sec.*, No. 22-cv-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also*, *e.g., Ramos v. Comm'r of Soc. Sec.*, No. 20-cv-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-cv-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

Accordingly, there was no clear error of law in the D&O, nor did the D&O create a manifest injustice. As discussed in the D&O, and given the particular circumstances of this case, the Court finds that seeking an opinion from a treating source regarding Plaintiff's mental impairments, in conjunction with seeking the missing mental health treatment records themselves, is necessary for a proper determination of whether Plaintiff is disabled under the Social Security Act.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment pursuant to Rule 59(e) (ECF No. 22) is DENIED.

Dated: April 30, 2025
      White Plains, New York

**SO ORDERED**.

_____
ANDREW E. KRAUSE
United States Magistrate Judge